IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUINCY GERALD KEELER,

    Plaintiff,

vs.    Case No. 06-1062-JTM

CEREAL FOOD PROCESSORS,

    Defendant.

MEMORANDUM AND ORDER

Quincy was a temporary employee at Cereal Food from February 28, 2003, until May 6, 2003. He worked as a full-time employee from June 19, 2003, until he was terminated on December 17, 2004. Quincy was then 26 years old.

After his termination, Quincy filed four charges with the KHRC and the EEOC. His first charge, filed on February 5, 2004, alleged race discrimination, retaliation and age discrimination from December 16, 2003, to January 5, 2004. He complained that his lay-off in December 2003 was racially motivated, that he was retaliated against on January 3, 2004 by a written reprimand and being ordered to unload railcars in the dark, and on January 5, 2004 by a further reprimand. Quincy's charge was filed with both the KHRC and the EEOC.

Quincy amended his KHRC charge on February 20, 2004, to clarify the dates of his 2003 lay-off and on November 9, 2004, to add an allegation of retaliation for filing a sexual harassment complaint, although he did not allege sexual harassment. He also amended this charge to allege that his lay-off, reprimand and duty assignments were all due to racial discrimination, age discrimination and retaliation.

On April 26, 2005, the EEOC issued Quincy a Notice of Rights on this charge. Quincy filed his first lawsuit on July 25, 2005 within 90 days of this Notice. The suit alleged violation of Title VII.

Quincy filed his second charge with the KHRC and EEOC on August 5, 2004, alleging disability discrimination and retaliation for incidents from July 6, 2004, to July 8, 2004. He alleged that Cereal Food forced him to see a psychiatrist, and that he had been subjected to allegations that he had made threats of violence. On October 19, 2004, the EEOC issued Quincy a Notice of Rights on this charge. However, Quincy did not file a lawsuit within 90 days of that notice.

Quincy filed his third KHRC / EEOC charge on December 10, 2004, alleging retaliation from February 25, 2004, to September 2, 2004. He alleged that he was retaliated against for his previous complaint by being subjected to disparate treatment including close criticism and a reprimand. Quincy filed his first lawsuit on July 25, 2005, within 90 days of this Notice.

Quincy attached to his Complaint the Notices of Right to Sue letters covering his first and third administrative charges. Both Notices were dated April 26, 2005. He also attached his first and third administrative charges except for the second amendment to the first administrative charge, as well as a "Final Over all Complaint Letter to Company and Public" dated July 14, 2005, detailing his allegations. Quincy alleged wrongful lay-off, sexual harassment, retaliation and termination of employment. Although he had not yet received a Notice of Rights for his fourth administrative charge, Quincy included a specific claim for the termination of his employment from Cereal Food. The court dismissed Quincy's first lawsuit on September 13, 2005, following Quincy's failure to specify his expenses regarding his request to proceed in forma pauperis.

Quincy filed his fourth KHRC / EEOC charge on June 20, 2005, one month before the filing of his first lawsuit, alleging solely that his termination was in retaliation for the filing of his third administrative charge. On December 19, 2005, the EEOC issued Quincy a Notice of Rights. Quincy filed the current lawsuit within 90 days of that Notice of Rights.

The present lawsuit was filed on March 16, 2006. It alleges that Quincy was subjected to racial discrimination and retaliation from June 2003 until May 2005, in violation of Title VII. Quincy attached to his complaint the Notice of Rights from his fourth administrative charge as well as his fourth KHRC charge. He also attached a "Final Over all Complaint Letter to Company and Public," dated March 19, 2006, which is identical to the letter previously attached to his July 25, 2005 Complaint, except for the date and an addition of a phone. The Complaint is essentially identical to that in the earlier lawsuit, alleging wrongful lay-off, sexual harassment, retaliation and termination in his Complaint filed on March 16, 2006.

Cereal Food has moved to dismiss the Complaint as untimely. An employee raising a Title VII claim in a lawsuit must do so within 90 days of the issuance of an administrative notice of rights. 42 U.S.C. § 2000e-5(f)(1).

Cereal Food argues that the court should dismiss Quincy's claims of racial discrimination, racially-motivated termination, and retaliation. Such claims were either advanced only in his first three administrative charges, missing from the fourth charge, or both. Cereal Food argues the sexual harassment claim should be dismissed because he never raised any similar claim in his previous administrative charges, which instead raises a claim of retaliation for complaining about alleged sexual harassment. In any event, the first included a similar claim, was dismissed by the

3

court, and the plaintiff did not file the present action within 90 days of any administrative notice. Quincy's fourth charge was limited to alleging retaliation for filing his third administrative charge.

Plaintiff filed his first lawsuit within 90 days of the administrative notice, but the action was dismissed without prejudice for failure to respond to directives of the court. Dismissal without prejudice does not toll Title VII's statutory filing deadline. *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991). All of the claims advanced in Quincy's first three administrative charges fail for lack of timeliness.

Further, plaintiff's claim of retaliation based on his 2004 termination should also be dismissed, since the plaintiff treated this claim as part of his first lawsuit and, therefore, failed to file this lawsuit within 90 days of receiving a Notice of Rights. The plaintiff included precisely the same allegation in his first lawsuit, which was filed seven months after he was terminated from Cereal Food, and one month after he filed his fourth administrative charge. The plaintiff's allegation of termination was encompassed by his third charge. *See Brown*, 864 F.2d at 682 (10th Cir. 1988) (Title VII claims may "encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC"). Here, the plaintiff used his third administrative charge as the basis for raising precisely the claim of retaliatory termination now in issue.

The plaintiff, who appears pro se, has not filed any credible response to the issues raised by the defendant's motion to dismiss. Instead, the response essentially concedes that all of the issues raised here were active and present in the previously dismissed action. The court finds that the plaintiff has failed to bring the current lawsuit within 90 days of receiving that Notice of Right to Sue, and judgment should be entered for Cereal Food on his retaliatory discharge claim.

IT IS ACCORDINGLY ORDERED this 17th day of November, 2006, that the defendant's Motion to Dismiss (Dkt. No. 15) is hereby granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE