IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUINCY GERALD KEELER,

          Plaintiff,

        vs.                       Case No. 06-1062-JTM

CEREAL FOOD PROCESSORS,

          Defendant.

MEMORANDUM AND ORDER

      The court has previously granted the defendant's motion to dismiss pro se plaintiff Quincy Gerald Keeler's complaint alleging discrimination by his former employer. (Dkt. No. 23). This matter is before the court on three motions by plaintiff Keeler — a Motion for Reconsideration (Dkt. No. 26), a Motion for Order for Extension of Time to File an Appeal (Dkt. No. 27), and a Motion for Polygraph Test (Dkt. No. 30).

      The court treats plaintiff's first motion as a motion to alter and amend under Fed.R.Civ.Pr. 59(e). A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC,* 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484

(10th Cir. 1994).   The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Plaintiff nowhere demonstrates that any of the standards for a motion under Rule 59(e) have been met.  Instead, plaintiff Keeler essentially repeats his original arguments.  The court finds no basis for granting the relief sought, and accordingly the motion will be denied.

Plaintiff Keeler's "Motion: Time Extension for Appeal" (Dkt. No. 27) asks that the court both "EXTEND TO MAX AFTER FINAL DUE DATE OF APPEAL" and requests an extension "AFTER THE MOTION TO RECONSIDER."  (Dkt. No.27, at 1).  The motion will be denied as superfluous.  Independent of any motion for extension by plaintiff, pursuant to Fed.App.Pr. 4(a)(4) his time for filing an appeal will commence from the date of the present order disposing of plaintiff's motion under Rule 59.

Finally, Keeler asks for an order permitting him to take a polygraph test, apparently as means to bolster his own credibility.  This motion will be denied.  First, if the plaintiff wishes to submit himself for a polygraph test, he may do so without order of the court.  Second, and more importantly, the results of any such examination would not change the results of any order of the court.   In resolving the defendant's motion to dismiss, all possible factual inferences were already rendered in plaintiff's favor.  The results of any polygraph examination would not alter the results herein.

IT IS ACCORDINGLY ORDERED this 18th day of January, 2007, that the plaintiff's Motions for Reconsideration, Extension, and Polygraph (Dkt. Nos. 26, 27, and 30) are hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE